**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PUSHPAMALAR SATCHITHANANTHAN, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70845 <br><br> Agency No. A079-784-814 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013**

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Pushpamalar Satchithananthan, a native and citizen of Sri Lanka, petitions

for review of the Board of Immigration Appeals ("BIA") order denying her motion

to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We

_____

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument, *see* Fed. R. App. P. 34(a)(2), so we deny petitioner's
request for oral argument.

review for abuse of discretion the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying Satchithananthan's second untimely motion to reopen because the information in the INS letter to the Sri Lankan government was not new and Satchithananthan otherwise failed to present material evidence of changed circumstances in Sri Lanka to qualify for the regulatory exception to the time and number limitations for filing a motion to reopen. *See* 8 C.F.R. §§ 1003.2(c); *Najmabadi*, 597 F.3d at 987-89 ("in order for evidence to be 'material,' 'not available,' and not able to have 'been discovered or presented at the previous hearing,' it must be 'qualitatively different' from the evidence presented at the previous hearing") (internal citation omitted).

We reject Satchithananthan's various contentions regarding the BIA's review of her breach of confidentiality claim under 8 C.F.R. § 208.6.

Finally, we deny as unnecessary Satchithananthan's motion to supplement the opening brief.

**PETITION FOR REVIEW DENIED.**